COPE, Judge.
The Department of Health and Rehabilitative Services appeals a final .judgment awarding attorney’s fees and costs to ap-pellees under chapter 119, Florida Statutes (1987). We reverse.
Appellee Harriet J. Roberts Martin is personal representative of the estate of Idora Smith. Smith died while in the care of a nursing home in December, 1988. Ap-pellee Herman M. Klemick is counsel for the personal representative.
Subsequent to the decedent’s demise, the Department conducted an investigation under chapter 415, Florida Statutes (1987), pursuant to a report of possible abuse or negligence by the nursing home which cared for Smith. On behalf of the personal representative, who was considering a possible wrongful death action, Klem-ick requested the Department’s records regarding the chapter 415 investigation.[1] *1224 The Department refused, on the ground that the personal representative and personal representative’s counsel were not among the persons entitled to access under paragraph 415.107(2)(d), Florida Statutes (1987).[2] The Department suggested that a subpoena be issued pursuant to paragraph 415.107(2)(e), Florida Statutes, but the probate court declined to do so.[3] Upon suggestion of the probate court, the personal representative filed suit against the Department under chapters 119 and 415, Florida Statutes, seeking access to the chapter 415 file.
Acting pursuant to paragraph 415.-107(2)(e), Florida Statutes, the trial court directed the Department to produce the chapter 415 file for an in camera inspection by the court. After inspecting the file, the trial court released it to the personal representative. The correctness of that ruling is not challenged here.
The personal representative moved for an award of attorney's fees pursuant to section 119.12, Florida Statutes (1987). The trial court entered a judgment for attorney's fees and costs against the Department. The Department has appealed.
We conclude that the Department’s position is well taken and that the order under review must be reversed. Under section 119.12, attorney’s fees may be awarded “[i]f a civil action is filed against an agency to enforce the provisions of this chapter....” Id. § 119.12(1) (emphasis added). The records at issue in the present case are exempt from chapter 119. § 415.107(1), Fla.Stat. (1987). Under chapter 415, records of abuse investigations are not accessible to the general public under the provisions of chapter 119, and disclosure of the records was not ordered under chapter 119. Instead, the trial court’s order was based on the provisions of chapter 415. While the personal representative was enti-tied to bring a civil action to enforce her right of access under chapter 415, that chapter does not provide for an award of attorney’s fees parallel to that available under chapter 119. Since there was no authority for the award of attorney’s fees, the judgment for attorney’s fees and costs must be reversed.
Reversed.

. A wrongful death action was subsequently filed.

. While the Department’s caution was appropriate and understandable, the personal representative was entitled to access to the records under paragraph 415.107(2)(d). Chapter 415 allows access to investigating records by "[a]ny aged person or disabled adult ... who is the subject of a report or the subject’s guardian, care giver, or legal counsel.” § 415.107(2)(d), Fla.Stat. (1987). Upon the demise of the aged person or disabled adult, the right of access devolves upon the personal representative.

. In our view, the probate court may issue a subpoena under paragraph 415.107(2)(e) where the statutory criteria are met.